UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEFFERY LEE MILLER            ]
      Petitioner,              ]
                               ]
v.                             ]     No. 3:05-1089
                               ]     Judge Trauger
ROBERT WALLER, WARDEN          ]
      Respondent.              ]

MEMORANDUM

The petitioner, proceeding *pro se*, is an inmate at the Deberry Special Needs Facility in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Robert Waller, Warden of the facility, seeking a writ of habeas corpus.

On August 26, 1997, a jury in Montgomery County found the petitioner guilty of first degree murder.[1] For this crime, he received a sentence of life imprisonment with the possibility of parole. Docket Entry No. 13; Addendum No. 1 at pg. 22. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction and sentence. Docket Entry No. 13; Addendum No. 5. Later, the Tennessee Supreme Court denied the petitioner's application for further review. Docket Entry No. 13; Addendum No. 8.

In November, 2000, the petitioner filed a *pro se* petition for state post-conviction relief in the Circuit Court of Montgomery County. Docket Entry No. 13; Addendum No. 9 at pgs. 1-15.

---

[1] This was the petitioner's second trial on the murder charge. His first trial ended in April, 1997, with a hung jury and a mistrial.

Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. Docket Entry No. 13; Addendum No. 9 at pg. 28. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 13; Addendum No. 13. Once again, the Tennessee Supreme Court denied the petitioner's application for additional review. Docket Entry No. 13; Addendum No. 15.

On December 21, 2005, the petitioner filed the instant petition for writ of habeas corpus (Docket Entry No. 1). The petition contains three primary claims for relief. These claims include:

> (1) the petitioner was denied the effective assistance of counsel because his attorney
>     - did not arrange to have petitioner's co-defendant, Michael Powers, testify at his second trial; and
>     - failed to request an instruction for lesser included offenses.[2]
>
> (2) the trial judge erred when he failed to instruct the jury on the lesser included offenses of voluntary manslaughter, criminally negligent homicide and reckless homicide.
>
> (3) the evidence was insufficient to support a murder conviction.

Upon its receipt, the Court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 2) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket Entry No. 12) to the

---

[2] At both trials, the petitioner was represented by Roger K. Smith, a member of the Davidson County Bar.

2

petition, to which the petitioner has offered no reply. Having carefully considered this pleading and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).[3]

To properly satisfy the exhaustion requirement, a claim must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir.

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

3

1996). The petitioner alleges that the trial judge erred when he failed to instruct the jury as to certain lesser included offenses (Claim No. 2). This claim was raised in petitioner's *pro se* post-conviction petition but was subsequently abandoned on appeal. *See* Docket Entry No. 13; Addendum No. 11. Thus, this claim has not yet been fully and fairly exhausted in the state courts. Unfortunately, at this late date, state court remedies for this claim are no longer available. Tenn. Code Ann. § 40-30-202(a). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to this claim. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982). There has been no showing of the type of cause and prejudice needed to excuse the procedural default of this claim. Consequently, this claim will not support an award of habeas corpus relief.

The petitioner's remaining claims, i.e., the ineffectiveness of counsel (Claim No. 1) and the sufficiency of the evidence (Claim No. 3), have been fully litigated in the state courts and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to

4

clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Id, at 104 S.Ct. 2052. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993).

The petitioner believes that his attorney was ineffective because he failed to call Michael Powers as a defense witness and did not request an instruction for lesser included offenses. With

respect to the failure of counsel to call a particular witness to testify, the state appellate court made the following observation :

> As we have noted, the petitioner contends that trial counsel should have called Powers to testify at his second trial. Powers testified at the post-conviction hearing that the fatal shot occurred when the petitioner stumbled as he turned to run from the victim. However, Powers admitted that prior to the post-conviction hearing, he had never told anyone that the fatal shot was fired accidentally, even though the information would have been important to the petitioner's defense and to Power's own defense. Additionally, trial counsel testified that Power's testimony at the first trial was largely cumulative to that of the other witnesses. Further, even though the State chose not to utilize Powers in the second trial, counsel feared that having Powers testify as a witness for the defense could ultimately damage the petitioner's case. Therefore, he determined that having Powers testify was not in the petitioner's best interest. It is apparent that counsel's decision not to call Powers was a strategic choice. On appeal, this court may not second-guess the tactical or strategic choices of counsel unless those are based upon inadequate preparation, nor may we measure counsel's behavior by "20-20 hindsight". *Citation omitted*. The petitioner has failed to prove trial counsel's ineffectiveness in this regard.

Docket Entry No. 13; Addendum No. 13 at pg. 5.

The state courts found that counsel's failure to call Michael Powers as a witness was a well reasoned strategic decision. The evidence in the record supports this finding and is not contrary to federal law. McQueen v. Scroggy, 99 F.3d 1302, 1311 (6th Cir. 1996)(a district court must not indulge in hindsight, noting that strategic decisions are particularly difficult to attack). Consequently, it does not appear that the Sixth Amendment was offended when the defense did not call Michael Powers to testify.

The petitioner also contends that he was denied effective assistance because his attorney

6

Case 3:05-cv-01089   Document 14   Filed 06/28/06   Page 6 of 8 PageID #: 959

failed to request a jury instruction for lesser included offenses. The Constitution does not require a court to give an instruction for lesser included offenses in a non-capital case. Campbell v. Coyle, 260 F.3d 531, 541 (6th Cir. 2001). Thus, counsel could not be constitutionally deficient for failing to ask for such instructions. In any event, the petitioner has shown no prejudice arising from the failure of counsel to seek an instruction for lesser included offenses. Therefore, this claim has no merit.

Finally, the petitioner claims that the evidence was insufficient to support a conviction for first degree murder. The right to due process guaranteed to us by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as that quantum of "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. Id., at 443 U.S. 319, 99 S.Ct. 2789.

As shown by the prosecution, the petitioner and Powers approached a group of teenagers in a parking lot in an effort to question them about a perceived insult to Powers' girlfriend. At the time, Powers was carrying a pistol that belonged to the petitioner. After Powers spoke to the group, the victim stepped forward and announced that the group had no knowledge or involvement in the insult. The victim was unarmed and in no way was a threat to the pair. Powers aimed the weapon at the victim with the petitioner telling him to "cap his ass". When Powers would not shoot the victim, the petitioner took the weapon from him and fired a shot at the victim's feet. The petitioner then took aim and shot the victim in the chest. After the

7

shooting, the petitioner threw the pistol away and returned to a party. Although at trial he claimed that the second shot was accidental, the petitioner did admit in a statement to the police that he had been having homicidal thoughts prior to the shooting. Docket Entry No. 13; Addendum No. 5 at pg. 5.

The evidence against the petitioner, when viewed in a light most favorable to the prosecution, was more than sufficient to support a conviction for first degree murder. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. Consequently, petitioner's ineffective assistance and sufficiency of the evidence claims will not support an award of habeas corpus relief.

The Court finds that the petitioner has failed to state a claim upon which habeas corpus relief can be granted. The habeas corpus petition, therefore, will be denied and this action shall be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge